**Edward J. KUNZE, and Minnesota Teamsters Public and Law Enforcement Employees Union Local #320, Respondents,**

v.

**Peter KOROLCHUCK, Chief of Police of the City of White Bear, et al., Appellants,**

**Peace Officers Standards and Training Board, and Administrative Agency, Respondent-Below.**

**No. C8–83–1895.**

Court of Appeals of Minnesota.

June 5, 1984.

Jeffrey W. Jacobs, Minneapolis, James Bettenburg, Bertie, Bettenburg & Strong, St. Paul, for Kunze, et al.

James Ryan, Stolpestad, Brown & Smith, St. Paul, for appellants.

Heard, considered, and decided by SEDGWICK, P.J., PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The City of White Bear Lake and its officers refused to reinstate respondent as a police officer after the Minnesota Supreme Court reversed the District Court's finding that respondent was properly discharged. Respondent sought and was granted a writ of mandamus compelling immediate reinstatement of his employment. Appellants claim the city should not be required to reinstate a police officer until the police officer successfully passes a physical examination. The city also claims it should not be required to make PERA contributions on behalf of respondent because he was not a "member" of

the fund between termination and reinstatement of his employment.

We affirm.

## ISSUES

1. Whether the City of White Bear is required to reinstate an improperly discharged police officer without that police officer successfully passing a physical examination?

2. Whether the City of White Bear is required to make PERA contributions on behalf of respondent for the period of time between termination and reinstatement of his employment?

## FACTS

Officer Edward Kunze was first hired as a police officer for the City of White Bear Lake in 1966 and he was continuously employed until November 9, 1978. On that date, the City of White Bear Lake terminated Officer Kunze's employment because of an alleged health problem. A hearing was held by the Police Civil Service Commission in February 1980 and that body confirmed his termination.

Kunze petitioned the district court for a writ of certiorari to review that decision and the court affirmed the Commission's decision. Kunze appealed to the Minnesota Supreme Court and the decision was reversed. *Kunze v. White Bear Lake Police Civil Service Commission*, 319 N.W.2d 61 (Minn.1982).

The Supreme Court held that findings on a health problem of Officer Kunze were not supported by the evidence, and that there were no grounds for dismissal of Kunze under applicable state law, Minn. Stat. § 419.12. The statute permits discharge only if an officer is "found guilty of inefficiency, breach of duty or misconduct." The Supreme Court noted the power of municipalities to establish health standards for its police officers, but the City of White Bear Lake has not adopted local standards.

The city refused to reinstate Kunze. Rekindling the issue on the officer's health,

the city said he had to have a physical exam as part of the selection process for inactive officers under regulations of the Peace Officers Standards and Training (POST) Board.

In September 1983 Kunze sought a writ of mandamus to compel the city to reinstate him and give him back pay. The trial court ordered that POST immediately reinstate Kunze's license without requiring him to satisfy selection standards; that the city reinstate Kunze to active duty as a police officer; and that the city pay Kunze all back pay accrued as of the date of his discharge and reinstate all PERA benefits and other benefits incidental to his employment incurred during his employment and since the date of his discharge.

The POST Board has reinstated Kunze's license in compliance with the trial court writ. The city refuses to comply and appeals from the order.

## DISCUSSION

### I.

Appellants contend that the trial court erred in ordering Kunze's reinstatement without requiring him to satisfy and complete the selection standards provided in 4 MCAR § 13.034. These regulations affect "inactive status" peace officers who are returning to work in a law enforcement agency.

This contention ignores the Supreme Court decision on May 14, 1982 in *Kunze v. White Bear Lake Police Civil Service Commission, supra.*

■ The trial court reasoned, and we agree, that the effect of the Supreme Court's reversal was to "negate and render void ab initio the discharge." Officer Kunze was entitled to be placed in the position he would have enjoyed had there been no discharge; that is, as a currently licensed active duty police officer.

### II.

■ Appellants further contend that the city should not be required to make PERA

contributions on behalf of Kunze for the period of time between termination and reinstatement of his employment because Kunze was not a "member" of the fund during that time. This argument is without merit and ignores the Supreme Court's decision.

## DECISION

The City of White Bear Lake and its officers have ignored the Supreme Court's decision that dismissal of Officer Kunze for alleged health problems was improper. They cannot demand a physical examination of Kunze before reinstating him.

The District Court writ of mandamus is affirmed.